## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MICHAEL BIRSTER, | ) |
|  | ) |
|  | ) CIVIL ACTION NO.: |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) JURY TRIAL DEMANDED |
| AMAZON.COM, INC., | ) |
|  | ) |
| Defendant. | ) *Electronically Filed* |
|  | ) |

## COMPLAINT

Plaintiff, Michael Birster, a resident of Adams County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above-named Defendant, Amazon.com, Inc. and complains and alleges as follows:

### INTRODUCTION

1.     This case arises out of Defendant's violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* (the "FMLA").

### PARTIES

2.     Plaintiff Michael Birster ("Plaintiff" or "Mr. Birster") is an adult individual residing in Adams County, Pennsylvania.

3.     Defendant employed Mr. Birster from about 2012 until it terminated his employment on or about February 14, 2018.

4.     Defendant Amazon.com, Inc., ("Amazon") is a Washington corporation, with headquarters located at 410 Terry Avenue, North Seattle, Washington and with a facility located at 500 McCarthy Drive, Lewisberry, Pennsylvania ("PHL 5").

5.     During the period of Plaintiff's employment, Amazon was an "employer" as defined under § 2611(4) of the FMLA because it engaged in commerce or an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.

## JURISDICTION AND VENUE

6.     The jurisdiction of this Court over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331 in that this district court has original jurisdiction of all civil actions arising under the laws of the United States.

7.     Venue is proper under 28 U.S.C. § 1391 in that Defendants do business in this district and a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

8.     Mr. Birster began working for Amazon in or about 2012, as an associate at PHL 5.

9.    In or about mid-to-late 2017, and while employed at Amazon, Mr. Birster began to suffer from extreme headaches, congestion, dizziness, vomiting, difficulty walking, and difficulty concentrating on tasks.

10.    Mr. Birster's medical condition significantly impacted his ability to perform his job duties while at PHL 5.

11.    In late 2017, Mr. Birster requested leave under the FMLA to tend to his medical condition.

12.    Mr. Birster was advised by Amazon that he was eligible for FMLA leave from December 4, 2017 through February 14, 2018 during which time he was off completely from work at Amazon's PHL5 location.

13.    At all times while Mr. Birster was on FMLA, he maintained contact with Amazon and was sure to have all appropriate medical documentation completed and turned in in order to continue his FMLA.

14.    On or about February 14, 2018, Mr. Birster returned to work at PHL 5 as required by his FMLA end date.

15.    On or about February 14, 2018, Mr. Birster was informed by human resources at Amazon's PHL 5 location that he was being terminated from employment at Amazon.

16.    The reason provided to Mr. Birster for his termination was that "his order fulfillment numbers were down for the previous month".

17.    Mr. Birster was not at work the entire month of January 2018 due to his approved FMLA leave.

18.    Mr. Birster attempted to explain that in fact his numbers were completely down the previous month because he was out on FMLA leave.

19.    On or about February 14, 2018, Mr. Birster was terminated, allegedly because of his "low performance numbers the previous month" notwithstanding Mr. Birster's documented approved request for FMLA leave in order to deal with his disability.

20.    Amazon failed to keep Mr. Birster's job open to him when he returned from approved FMLA leave to treat for qualifying medical conditions.

21.    At all times, Amazon was fully aware of its obligations under the FMLA, but nevertheless willfully disregarded those obligations and violated and/or interfered with Mr. Birster's rights when it fired him.

## COUNT I
## Violation of the FMLA – Interference/Retaliation

22.    Plaintiff incorporates by reference all of the allegations contained in all paragraphs above.

23.    Mr. Birster had the right under the FMLA to twelve (12) weeks of leave because of his serious health condition and applied for FMLA leave in late 2017.

24.     Aware that Mr. Birster was missing work to deal with his serious medical conditions, Amazon deliberately interfered with Mr. Birster's rights under the FMLA by deciding to terminate Mr. Birster due to FMLA-related absences.

25.     Aware that Mr. Birster had missed work for most of December 2017, all of January 2018, and part of February 2018 due to approved FMLA. Amazon retaliated against Mr. Birster when he returned to work on February 14, 2018 by terminating his position.

26.     Terminating an employee who misses work due to FMLA-related absences is a violation of the FMLA.

WHEREFORE Mr. Birster seeks judgment in his favor and against Amazon for (a) back pay and benefits; (b) reinstatement and/or front pay and benefits in lieu of reinstatement; (c) interest on his monetary losses at the prevailing rate; (d) liquidated damages; (e) attorneys' fees and costs; and (f) such legal and/or equitable relief as allowed by law.


Respectfully submitted,

**Weisberg Cummings, P.C.**

January 7, 2019                    */s/ Stephen P. Gunther*
Date                               Stephen P. Gunther, Esquire
                                   PA Bar I.D. #: PA324203
                                   sgunther@weisbergcummings.com

Larry A. Weisberg, Esquire
PA Bar I.D. #: PA83410
lweisberg@weisbergcummings.com

Derrek W. Cummings, Esquire
PA Bar I.D. #83286
dcummings@weisbergcummings.com

Stephen T. Mahan, Jr., Esquire
PA Bar I.D. #313550
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Counsel for Plaintiff*